**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDRE WILLIAMS, | | No. 3:19-CV-00005 |
| Plaintiff, | | (Judge Brann) |
| v. | | |
| DR. EHGARTNER and MICHELE DIEHL, | | |
| Defendants. | | |

**MEMORANDUM OPINION**

**MAY 5, 2020**

Plaintiff Andre Williams, a state prisoner confined at the State Correctional Institution at Fayette in LaBelle, Pennsylvania,[1] filed a complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment medical claim regarding a tooth extraction.[2] Presently before the Court is Defendants Dr. Ehgartner and Michelle Diehl's motion for summary judgment, which is now ripe for adjudication.[3] For the reasons that follow, the Court will grant the motion.

---

[1] Although it is not entirely clear from the complaint, it appears that Plaintiff was incarcerated at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania at the time of his dental treatment and extraction. *See* Doc. 1.

[2] Doc. 1.

[3] Doc. 27. Despite requesting and the Court granting two extensions of time to file an opposition, Plaintiff has failed to oppose the motion for summary judgment.

## I.   FACTUAL BACKGROUND

Plaintiff Andre Williams is an inmate currently in the custody of the Pennsylvania Department of Corrections.[4]  He has received dental care for the entire time during which he has been incarcerated.[5]  Defendant Dr. Ehgartner was the dentist assigned to the institution where Williams was previously housed.[6] Defendant Diehl assisted Defendant Ehgartner.[7]

In December 2016, Plaintiff saw Defendant Ehgartner and was advised that the dentist did not want to fill a cavity in the side of a tooth.[8]  Rather, Defendant Ehgartner wanted to extract the tooth.[9]  Plaintiff has had teeth extracted previously.[10] At first, Plaintiff had concerns with proceeding with the tooth extraction, but he ultimately consented.[11]  The tooth was extracted, and Defendant Diehl was the last person to have possession of the tooth.[12]  She did not show it to Plaintiff, and instead threw it out.[13]

---

[4]   Doc. 1.
[5]   Doc. 28 at 1.
[6]   *Id.*
[7]   *Id.*
[8]   *Id.* at 2.
[9]   *Id.*
[10]  *Id.* at 1.
[11]  *Id.* at 2.
[12]  Doc. 1.
[13]  Doc. 30 at 6.

Later that month, Plaintiff was seen for a follow up examination.[14]  In January 2017, Defendant Ehgartner took an x-ray on the extraction site and told Plaintiff that two roots were left in his mouth after the extraction.[15]

## II.    STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[16]  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[17]  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[18]  The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.[19]  When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[20]

Initially, the moving party must show the absence of a genuine issue concerning any material fact.[21]  Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly

---

[14]  *Id.*
[15]  *Id.*
[16]  Fed. R. Civ. P. 56(c).
[17]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[18]  *Id.* at 250.
[19]  *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[20]  *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").
[21]  *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).

3

supported motion for summary judgment."[22]   "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[23]   "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[24]

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'"[25]   Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[26]

Here, Plaintiff has failed to oppose the motion or the facts asserted in Defendants' statement of facts.   Pursuant to Federal Rule of Civil Procedure 56(e),[27] the Court has reviewed the statement of facts as well as each fact's citation to the record and will consider each fact undisputed.[28]   A thorough and comprehensive

---

[22]  *Anderson*, 477 U.S. at 257.
[23]  *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).
[24]  Fed. R. Civ. P. 56(e)(2)-(3).
[25]  *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).
[26]  *Celotex Corp.*, 477 U.S. at 322.
[27]  *See* Fed. R. Civ. P. 56(e)(1).
[28]  *See* Fed. R. Civ. P. 56(e)(2).

review of this record makes clear that no material fact is in dispute as to the dispositive issue in this case.  As such, summary judgment is appropriate.[29]

## III.   DISCUSSION

Plaintiff has brought his Eighth Amendment medical claim pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[30]  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[31]

"In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

---

[29]   *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.").

[30]   *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

[31]   *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."[32] "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."[33] This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients.[34] Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment.[35]

In the matter at hand, there is no dispute that Plaintiff received dental care— including a course of treatment to which he agreed. To the extent that Plaintiff now disagrees with that course of treatment, as the United States Court of Appeals for the Third Circuit has held, "mere disagreement as to the proper medical treatment" does not create an Eighth Amendment medical claim.[36] Put another way, when an inmate is provided with medical care and the dispute is over the adequacy of that care, an

---

[32] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[33] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

[34] *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa. 1996).

[35] *Id.*

[36] *See Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

Eighth Amendment claim does not exist.[37]  Further, to the extent that Plaintiff seeks to allege negligence because two roots were retained after the extraction, a simple claim of medical negligence is insufficient to state an Eighth Amendment claim.[38]

The same can be said for Plaintiff's tenuous claim against Defendant Diehl. Plaintiff alleges only that she did not show him the extracted tooth.  While he may have preferred to have seen his tooth after the extraction, the fact that he did not have the opportunity to view it is, at best, a disagreement over treatment or mere negligence; it is not a constitutional violation.

There are simply no facts here to establish that either defendant intentionally refused to provide medical treatment, delayed treatment based on a non-medical reason, or prevented Plaintiff from receiving medical treatment.  Summary judgment is appropriate here.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant the motion for summary judgment.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[37]   *Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D. Pa. 1988).
[38]   *See White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 106).